UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,**

     **Plaintiff,**

**v.**                          **Case No: 8:23-CV-768-MSS-CPT**

**JOSE A. MORA ASPIRO,**

     **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Default Judgment Against Defendant Jose A. Mora Aspiro. (Dkt. 11) The Clerk previously entered a Rule 55(a) default against Defendant Aspiro. (Dkt. 10) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion.

The Court finds that the Renewable Convertible Term Life Insurance Policy #400037884, issued on April 12, 2021, is void *ab initio* because Defendant provided false information at the inception of the policy. Wharran v. United of Omaha Life Ins. Co., 645 F. Supp. 3d 1299, 1307–08 (M.D. Fla. 2022) (holding that a policy was void *ab initio* because the insured's material misrepresentations on his application render the policy null and void from the date of inception). Upon the entry of default, (Dkt. 10), Defendant was deemed to have admitted all the well-pleaded allegations of fact

in the Complaint. <u>Lincoln Nat'l Life Ins. Co. v. Variola</u>, No. 13–cv–01310, 2013 WL 12157847, at *1 (M.D. Fla. Aug. 13, 2013). Plaintiff alleges that Defendant failed to disclose his medical history in his application for insurance, including that he received treatment for certain cardiac conditions such as chest pain and an abnormal heartbeat. (Dkt. 11 at 6) Plaintiff alleges Defendant's omissions were material to Plaintiff's evaluation of Defendant's eligibility for insurance, and that Plaintiff relied upon Defendant's omissions to its detriment when it issued Defendant's insurance policy. (<u>Id.</u> at 6–7) Plaintiff further alleges that it would not have issued the policy if Defendant had disclosed his true medical history. (<u>Id.</u> at 7) Defendant offers no defense to these allegations. Therefore, the policy is void *ab initio*.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant Jose A. Mora Aspiro, (Dkt. 11), is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff and against the Defendant.

3. Plaintiff shall have forty-five (45) days from the date of this Order to file an application for fees and costs, if applicable.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of January 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person